UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA BASS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    13-5175** |
| **SUPERIOR ENERGY SERVICES, INC., ET AL.** | **SECTION: "G" (4)** |

## ORDER

Before the Court is Plaintiff, Joshua Bass's **Motion to Exclude Certain Facts from the Uncontested Material Facts Section of the Pretrial Order (R. Doc. 103)**. The motion is opposed. *See* R. Doc. 104.

### I.     Background

This action arises as a result of the injuries the Plaintiff, Joshua Bass, sustained while on a fixed offshore platform owned by Energy XXI. Bass was employed by Nabors Offshore Services ("Nabors") at the time of the incident.  Nabors and the Defendant, Superior Energy Services ("Superior"), were both hired by Energy XXI as independent contractors and both companies had personnel working on the platform.

While on the platform, Superior was tasked with taking a 75-foot jumper hose weighing one thousand pounds from its boat and attaching it to the platform. To move the hose into position on the platform, Nabors used its platform crane, which was operated by a Nabors employee. After the hose had been partially moved so that one end sat on the floor of the platform's pipe rack area and the other end remained elevated, Bass, who was in the pipe rack area, attempted to move the hose by manually pulling on it and injuring his neck.

This action was initiated on July 26, 2013 and is scheduled for a Jury Trial on March 2, 2015. The parties attended a Final Pretrial Conference before the District Judge on February 10, 2015, during which the Plaintiff raised an objection to using his responses to the Defendant's

Request for Admission as the Uncontested Material Facts, which would be used by the trial judge and read at the inception of the trial. *See* R. Doc. 100. The District Judge, during the Pretrial Conference, ordered that (1) the parties return to the undersigned for a follow settlement conference, and (2) refer the pretrial dispute of whether the Plaintiff's responses to the Defendant's Request for Admission should be included as facts in the Uncontested Material Facts portion of the Pretrial Order. *Id.*

On February 12, 2015, the undersigned held a conference with the parties in the above captioned matter. The second attempt at settling the dispute was unsuccessful. The Court addressed the issue from the Final Pretrial Conference and the Plaintiff re-urged his objection to using his responses to the Defendant's Requests for Admission in the Pre-Trial Order and explained that he was concerned about the Uncontested Material Facts section being read to the jury. Plaintiff argued that his objection to the inclusion of the admissions is dependent on whether the District Judge will actually read the Uncontested Material Facts at trial.

Whether the Court will read the Uncontested Material Facts to the jury rather than draft a statement slightly different based upon the stipulations is not before the undersigned and is traditionally in the province of the presiding trial judge. Nonetheless, the parties agreed that the responses to the Requests for Admission that reference the authentication of documents should not be included in the Uncontested Material Facts section and should not be read to the jury. Specifically, Requests for Admission Nos. 23, 24, 25, 26, 27, and 28 shall be excluded. *See* R. Doc. 103-2, at 6-7. The parties were not able to agree on the remaining admissions and the Plaintiff was directed to file the subject motion memorializing the remaining issues. *See* R. Doc. 102.

## II.    Analysis

Plaintiff argues that responses to Requests for Admissions are not necessarily conclusive but are merely evidence to be presented at trial. *See* R. Doc. 103-1, at 2 (citing *Rolscreen Company v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202 (8th Cir. 1995)). Plaintiff objects to the use of any of the admissions in the Pretrial Order because they do not relate to a significant material trial issue and only material issues should be included. *Id.* Plaintiff argues that the Pretrial Order is traditionally used to govern the global significant issues set for trial and to frame the case in a very broad perspective for the jury. *Id.* at 3. Plaintiff argues that the Defendant is actually attempting to use minute factual issues that are out of context and do not related to a material fact. *Id.*

Plaintiff contends that certain responses to the Requests for Admission should not be included in the Pretrial Order unless all of the responses related to those responses are included. *Id.* at 1. Plaintiff contends that the responses the Defendant wants to include can be grouped into three topics, and that it would be problematic to read any single admission separate from the companion responses. *See id.* Plaintiff contends that there are thirteen admissions at issue, and that they can be grouped in the following topics: (1) Admission Nos. 1, 2, 3, 6, and 9 relate to recorded statements taken by Ms. Bellinger; (2) Admission Nos. 10, 11, 12, and 15 relate to the subject accident; and (3) Admission Nos. 34, 35, 36, and 39 relate to information contained in documents the Plaintiff signed. *See id.*

Plaintiff contends that reading these admissions without the related companion admissions would mislead and confuse the jury. For example, Plaintiff argues that Admission Nos. 1, 2, 3, and 6 indicate that Plaintiff gave the recorded statement to Ms. Bellinger on July 1, 2012, that he was not under the influence of mind-altering drugs or alcohol, and that he did not

attempt to mislead Ms. Bellinger. *Id.* at 3. However, Plaintiff argues that in Admission No. 4, which is omitted by the Defendant, Plaintiff denies understanding all of the questions asked by Ms. Bellinger, and in Admission No. 7, which is also omitted, Plaintiff denies remembering the subject accident better on July 1, 2012 than on the day he completed the admissions. *Id.* Plaintiff argues that reading the admissions in a vacuum would be meaningless to the jury and would potentially mislead the jury. *Id.* at 4.

Plaintiff additionally argues that the admissions would still serve a very valid purpose at trial even when they are excluded from the Pretrial Order. *Id.* at 6. Plaintiff contends that the admissions could be used if anyone attempts to dispute the answers to the admissions and the Court could properly instruct the jury. *Id.* Plaintiff also argues that the defense can properly argue the admitted facts to the jury during his opening and closing statements, which will also allow Plaintiff's counsel an opportunity to identify the admissions that were omitted by the defense. *Id.*

In opposition, Defendant argues that the entire purpose of Federal Rule of Civil Procedure ("Rule") 36 would be defeated if Plaintiff's motion is granted. *See* R. Doc. 104, at 1. Defendant argues that on the face of Rule 36(b), it states that each admitted fact is conclusively established and that the Fifth Circuit has stated that admissions have the same effect as an admission in a pleading or a stipulation drafted by counsel. *Id.* at 2. (citing *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117 (5th Cir. 1991)). Defendant argues that the Plaintiff's admissions are conclusively established and that Defendant has relied on the admissions, and as a matter of law, it is not required to convince the fact finder of matters previously admitted. *Id.* at 3.

Defendant further argues that the admissions are material and that they are a critical part of its defense. *Id.* at 2. Defendant contends that the admissions are material because the Plaintiff's account of the accident has changed and the Plaintiff claims that his memory has improved with the passage of time. *Id.* Defendant argues that in a personal injury case, the Plaintiff's pre-existing condition is always material, especially in reference to causation and the Plaintiff's credibility since his preexisting conditions were not revealed to his employer. *Id.*

Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). The purpose of Rule 36 is to "promote trial efficiency by allowing the party obtaining the admissions to narrow the issues and focus discovery on the issues effectively identified by the admissions." *Spikes v. Bolivar Cnty., Mississippi*, No. 2:07-CV-22-MPM-SAA, 2008 WL 2797014, at *3 (N.D. Miss. July 8, 2008). Rule 36 narrows the issues by "identifying and eliminating those matters on which the parties agree." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

Moreover, "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001); *see also Am. Auto. Ass'n (,* 930 F.2d at 1120. Regarding use at trial, "[a]dmissions obtained under the Federal Rules of Civil Procedure may be offered as evidence at trial, but are still subject to all pertinent objections to admissibility." *Simien v. Chem. Waste Mgmt., Inc.*, 30 F. Supp. 2d 939, 942 (W.D. La. 1998) (citing *Walsh v. McCain Foods, Ltd.*, 81 F.3d 722, 725 (7th Cir.1996)) *aff'd*, 174 F.3d 199 (5th Cir. 1999).

Here, the Court finds that the admissions made by the Plaintiff pursuant to the Defendant's Requests for Admission are conclusively established under the language of Rule 36

and the case law in the Fifth Circuit. During trial, the Defendant will have the opportunity to admit the admissions into evidence as appropriate.

Nonetheless, the fact that the admissions are conclusively established does not render them appropriate for the purpose of including each of them as "Uncontested Material Facts." Rather, the Court will consider whether the admissions are truly fact based or advocacy based.

Admission Nos. 23-28, which reference the authentication of documents, **shall not be included** in the Uncontested Material Facts section of the Pretrial Order and not read to the jury. The fact that documents are authenticated is a procedural or evidentiary matter that would be inappropriate to read to a jury because it would clutter the facts as contemplated by the rationale for reading the facts to the jury.

Admission Nos. 1, 2, 3, 6, and 9, which reference the Plaintiff's recorded statements to Ms. Bellinger, **shall not be included** in the Uncontested Material Facts section of the Pretrial Order and not read to the jury. These facts are not substantial enough to be read to the jury because they do not describe the accident at issue.

Admission No. 10 **shall be included** in the Uncontested Material Facts section of the Pretrial Order and may be read to the jury at the Court's discretion. Some of the facts incorporated in Admission No. 10 are specifically plead by the Plaintiff in his Complaint (R. Doc. 1-2), such as the date of the accident. Although, the admission includes additional factual information pertaining to the task the Plaintiff was engaged in at the time, it is an admitted and substantial fact.

Admission Nos. 11 and 12 **shall be included** in the Uncontested Material Facts section of the Pretrial Order and may be read to the jury at the Court's discretion. The facts reference the relation of the platform to the vessel, which is substantial.

Admission Nos. 15, 34, 35, 36, and 39 **shall not be included** in the Uncontested Material Facts section of the Pretrial Order and not read to the jury. While the facts are admitted, the facts would be more appropriately presented to the jury through counsel at trial and not as a stipulated fact read by the Court.

### III.     Conclusion

Based on the foregoing reasoning,

**IT IS ORDERED** that Plaintiff, Joshua Bass's **Motion to Exclude Certain Facts from the Uncontested Material Facts Section of the Pretrial Order (R. Doc. 103)** is **GRANTED in part** and **DENIED in part.** It is **GRANTED** as to **Admission Nos. 1, 2, 3, 6, 9, 15, 23-28, 34, 35, 36, and 39**. It is **DENIED** as to **Admission Nos. 10, 11, and 12**.

New Orleans, Louisiana, this 23rd day of February 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**